**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-30209 |
| Plaintiff - Appellee, | D.C. No. 1:11-cr-00055-RFC |
| v. | |
| WILLIAM ESLEY HUGS, Sr., | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Richard F. Cebull, Chief Judge, Presiding

Submitted February 11, 2013[**]

Before:     FERNANDEZ, TASHIMA, and WARDLAW, Circuit Judges.

William Esley Hugs, Sr., appeals from the district court's judgment and

challenges the 18-month sentence imposed following his guilty-plea conviction for

conspiracy to traffic in eagles and migratory birds, in violation of 18 U.S.C. § 371.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Hugs contends that the district court violated his due process rights by relying on hearsay evidence to determine the market value of the trafficked birds under U.S.S.G. § 2Q2.1(b)(3)(A)(ii). Hugs does not contest that the court may consider hearsay evidence at sentencing, but argues that the evidence relied upon by the court lacked sufficient indicia of reliability. *See United States v. Petty*, 982 F.2d 1365, 1369 (9th Cir. 1993) ("Due process requires that some minimal indicia of reliability accompany a hearsay statement."). We review the district court's determination of reliability for abuse of discretion. *See id.*

The court relied upon a sworn affidavit prepared by a special agent of the United States Fish and Wildlife Service, in which the affiant estimated the reasonable replacement cost for the illegally-trafficked birds based on information provided by an expert in the field. *See* U.S.S.G. § 2Q2.1 cmt. n.4 (where the fair-market retail price is "difficult to ascertain," market value can be determined by reasonable replacement costs). The court did not abuse its discretion by finding that the affidavit possessed sufficient indicia of reliability.

**AFFIRMED.**